HANNAH HOULIHAN, Appellant, *v.* BENJAMIN SELENGUT, Respondent, et al., Defendants.

First Department, July 2, 1943.

Tessie L. Segel for appellant.

Alexander Orr, Jr., of counsel (*Fred H. Rees* with him on the brief; *Evans & Rees,* attorneys), for respondent.

*Per Curiam.* It was error for the trial court to charge that in order to hold defendant-respondent liable " he must consent that the car be operated out on the highway. Unless it is shown here distinctly that he positively, affirmatively, consented that the car might be operated out on the highway, he is not liable at all." The evidence disclosed that the plaintiff-appellant was injured while she was walking on the sidewalk in front of the garage in which respondent's car was stored. Defendant-respondent knew that it was customary for employees of the garage to move the cars from place to place within the premises and he had provided the key of the ignition switch for that

purpose. At the time of the accident, an employee of the garage was attempting to put the car on an elevator which was within the building. In doing so, he accidentally caused the car to move onto the sidewalk, and strike plaintiff-appellant. The jury was entitled to find upon these facts that the car was being used within the extent of the permission granted by defendant-respondent.

The judgment and the order, so far as appealed from, should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ., concur.

Judgment and order, so far as appealed from, unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.